IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFERY L. CLARK, | : | |
| Plaintiff, | : | Case No. 2:04-cv-02 |
| v. | : | Judge Holschuh |
| BUREAU OF WORKERS COMPENSATION, et al., | : | Magistrate Judge Kemp |
| | : | |
| Defendants. | | |
| | : | |

**Memorandum and Order**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Bureau of Workers' Compensation ("BWC") alleging that BWC deprived him of his property in violation of the Fourteenth Amendment to the United States Constitution. Plaintiff has also asserted supplemental state law claims against Motorists Mutual Insurance Company ("Motorists") for breach of a settlement agreement and for restitution. This matter is before the Court on Defendant BWC's two motions to dismiss (Doc. ## 3, 11), Plaintiff's June 10, 2004 motion to amend the complaint (Doc. # 16),[1] Defendant Motorists' motion for summary judgment (Doc. # 24) and Defendant BWC's motion for summary judgment (Doc. # 27).

**I. Background**

On December 15, 1998, Plaintiff was driving a container truck on State Route 72 in Clark County, Ohio while in the course and scope of his employment with Smith's Roll-Off Service. While on Route 72, Plaintiff was involved in a collision caused by another driver. As a result of

---

[1]Plaintiff refiled his motion to amend the complaint on November 29, 2004. (Doc. # 33).

the collision, Plaintiff suffered severe and permanent bodily injuries, including the loss of his left leg below the knee.

Following the accident, Plaintiff submitted a claim for workers compensation benefits to BWC. BWC paid workers compensation benefits to Plaintiff for temporary total disability and for the loss of Plaintiff's left leg below the knee.

Plaintiff also submitted a claim to Motorists, the underinsured motorist insurer for Smith's Roll-Off Service.[2] Motorists agreed to settle Plaintiff's underinsured motorist claim for $770,000. In connection therewith, BWC asserted its subrogation rights pursuant to Ohio Revised Code § 4123.931.

Motorists and BWC agreed to settle BWC's subrogation claim for $155,000. (Release, attached to [BWC's] Motion for Summary Judgment). Motorists then withheld $155,000 from its settlement with Plaintiff. On December 8, 1999, Plaintiff signed a "Release of all Claims" agreeing to accept $615,000 from Motorists and to release any and all claims arising out of the collision on December 15, 1998. (Exhibit C, attached to [BWC's] Motion for Summary Judgment).

On November 24, 2000, Plaintiff brought an action in the Ohio Court of Claims arguing that the subrogation statute relied upon by BWC was unconstitutional. Clark v. Ohio Bureau of Workers' Compensation, 119 Ohio Misc.2d 17 (2002). Plaintiff argued that BWC thereby deprived him of his property in violation of the constitution and laws of Ohio. Id. Prior to a decision by the Ohio Court of Claims in Plaintiff's case, the Ohio Supreme Court held, in Holeton v. Crouse Cartage Co., 92 Ohio St.3d 115 (2001), that Ohio Revised Code § 4123.931,

---

[2]Plaintiff also settled a claim with the automobile liability insurer for the driver of the other automobile.

which authorized subrogation, violated Ohio's Constitution.

Nevertheless, the Court of Claims determined that BWC had the legal right to retain the funds even though the statutory provision had been declared unconstitutional.  Clark, 119 Ohio Misc.2d at 21.  The Court of Appeals affirmed, concluding that, because BWC's rights to payment under the settlement agreement entered into between itself and Motorists vested prior to the Ohio Supreme Court's decision in Holeton, Plaintiff's claims were without merit.  Clark v. Bureau of Workers' Compensation, No. 02AP-743, 2003 WL 1995716, *2 (Franklin Cty. Ct. App. May 1, 2003).

**II.  BWC's First Motion to Dismiss**

**A.  Standard**

BWC has filed a motion to dismiss Plaintiff's claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Such motions fall into two categories: facial and factual attacks.  United States v. Ritchie, 15 F.3d 592, 598 (6th Cir.), cert. denied, 513 U.S. 868 (1994); Ohio Nat. Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990).  A facial attack challenges the sufficiency of the complaint itself, and the Court must take all material allegations as true and construe them in the light most favorable to the non-moving party.  Ritchie, 15 F.3d at 598.  Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that a court may dismiss a complaint for lack of subject matter jurisdiction "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) (citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).

By contrast, a factual attack challenges the factual existence of subject matter jurisdiction. Ritchie, 15 F.3d at 598. In either situation, a plaintiff bears the burden of demonstrating subject matter jurisdiction. RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir. 1996).

**B. Application**

In this case, BWC appears to raise facial challenges to the existence of subject matter jurisdiction. BWC challenges, as a matter of law, the existence of subject matter jurisdiction under 28 U.S.C. § 1331.[3] In particular, BWC challenges Plaintiff's assertion of claims under 42 U.S.C. § 1983. BWC also argues that Plaintiff's claims are barred by the relevant statute of limitations and/ or an application of the doctrine of *res judicata*.

Plaintiff has alleged that BWC "improperly deprived the plaintiff of his property under color of state law, in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution...." (Compl. at ¶ 17). Section 1983 provides in relevant part as follows:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State ... subjects, or causes to
> be subjected, any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress ....

---

[3]Federal courts are courts of limited jurisdiction which may exercise only those powers authorized by the Constitution or federal statute. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); Douglas v. E.G. Baldwin & Associates, Inc., 150 F.3d 604, 606 (6th Cir. 1998). Congress has specifically provided for the exercise of subject matter jurisdiction by federal courts in 28 U.S.C. § 1331, which confers jurisdiction upon federal courts over civil actions "arising under the Constitution, laws, or treaties of the United States." Douglas, 150 F.3d at 607.

42 U.S.C. § 1983.  To succeed on a claim under § 1983, Plaintiff must show that (1) a person (2) acting under color of state law (3) deprived him of rights secured to him by the United States Constitution or its laws.  See Waters v. City of Morristown, 242 F.3d 353, 358-59 (6th Cir. 2001).

BWC contends that Plaintiff has failed to establish a deprivation of rights secured by the United States Constitution or its laws.  Plaintiff contends that BWC violated his rights as protected by the Fourteenth Amendment to the United States Constitution.  While the precise nature of Plaintiff's Fourteenth Amendment claim is unclear, it appears that Plaintiff alleges that BWC deprived him of his property without due process and/ or just compensation.  It is clear, however, that Plaintiff's claims all rely on a retrospective application of the Ohio Supreme Court's decision in Holeton declaring Ohio Revised Code § 4123.931 unconstitutional.

Plaintiff argues that, once Holeton declared Ohio Revised Code § 4123.931 unconstitutional, it was as if the statutory provision never existed.  Thus, it was improper for BWC to assert subrogation rights and/ or retain the $155,000 obtained through the settlement with Motorists.  This Court agrees that, generally, "a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law."  Peerless Elec. Co. v. Bowers, 164 Ohio St. 209, 210 (1955).  See also DeRolph v. State, 78 Ohio St.3d 419, 420 (1997).  Further, the Ohio Supreme Court has recognized that "[t]his reasoning applies with similar force when the court's decision strikes down a statute as unconstitutional."  Wendell v. AmeriTrust Co., N.A., 69 Ohio St.3d 74, 77 (1994).

Nevertheless, the Ohio Supreme Court has recognized an exception to the general rule: "[t]he one general exception to this rule is where contractual rights have arisen or vested rights

5

have been acquired under the prior decision." Peerless Elec. Co., 164 Ohio St. at 210. Therefore, if BWC acquired contractual rights with respect to the $155,000 received from Motorists prior to the decision in Holeton, then it cannot be said that BWC took Plaintiff's property without due process or without just compensation.

After Plaintiff received benefits from BWC, but before the Ohio Supreme Court rendered its decision in Holeton, BWC had a right to subrogation under Ohio Revise Code § 4123.931. Prior to Holeton, BWC and Motorists agreed to settle a subrogation claim made by BWC for $155,000. Thereafter, on June 27, 2001, the Ohio Supreme Court decided Holeton which, as was discussed *supra*, declared Ohio Revised Code § 4123.931 in violation of Ohio's constitution.

However, while Holeton struck down Ohio Revised Code § 4123.931, it could not undue any contract rights that had become vested prior to that decision. Wendell, 69 Ohio St.3d at 77. The Ohio courts that have addressed the issue agree; although Holeton struck down Ohio Revised Code § 4123.931, it could not affect contract rights that vested prior thereto. See State Bureau of Workers' Compensation v. Plumb, No. 1-03-27, 2003 WL 22285854 (Athens Cty. Ct. App. Oct. 6, 2003); Young v. Ohio Bureau of Workers' Compensation, No. 2002-04151, 2004 WL 1598740 (Ohio Ct. Cl. June 30, 2004); Smith v. Decision Bureau of Workers' Compensation, No. 2001-11111, 2004 WL 1380108 (Ohio Ct. Cl. June 9, 2004); Triplett v. Ohio Bureau of Workers' Compensation, No. 2002-02388, 2004 WL 119399 (Ohio Ct. Cl. Jan. 23, 2004); Reinhart v. Ohio Bureau of Workers' Compensation, No. 2002-08513, 2004 WL 119428 (Ohio Ct. Cl. Jan. 21, 2004); Ortiz v. Bureau of Workers' Compensation, No. 2002-02442, 2003 WL23022060 (Ohio Ct. Cl. Dec. 12, 2003); Clark, 2003 WL 1995716, *2.

Plaintiff does not challenge the fact that BWC's contract rights vested prior to the Ohio

Supreme Court's decision in <u>Holeton</u>. Nor has Plaintiff challenged the underlying settlement between BWC and Motorists. Thus, BWC had a vested contract right to the $155,000. Under these circumstances, there can be no Fourteenth Amendment claim for deprivation of property without due process or just compensation. This Court therefore concludes that Plaintiff's claims against BWC, asserted pursuant to § 1983, are "devoid of merit." <u>See Apple</u>, 183 F.3d at 479.

### III. Other Motions Related to BWC

BWC also filed a second motion to dismiss arguing that, because the state of Ohio has not waived its Eleventh Amendment immunity, Plaintiff cannot assert his § 1983 claim against BWC. However, because this Court has already concluded that Plaintiff's claims against BWC are without merit, BWC's second motion need not be decided.[4] Additionally, in response to BWC's second motion to dismiss, Plaintiff has moved to amend the complaint. The proposed amendment appears intended to cure the Eleventh Amendment defect, but it would not alter the fact that, as was discussed *supra*, Plaintiff's Fourteenth Amendment claim is without merit. Therefore, such an amendment would be futile. <u>See Prebble v. Hinson</u>, 825 F. Supp. 185, 186 (S.D. Ohio 1993).

### IV. Motorists' Motion for Summary Judgment

Defendant Motorists has moved for summary judgment arguing that the state-law claims asserted against it are without merit because Plaintiff released those claims. This Court,

---

[4] Similarly, this Court need not resolve BWC's motion for summary judgment (Doc. # 27).

however, need not resolve those issues.  A court may decline to exercise supplemental jurisdiction over state law claims when that court has dismissed all of the claims over which it has original jurisdiction.  28 U.S.C. § 1367(c).  In deciding whether to exercise its discretion and dismiss such claims, a court should weigh the issues of "judicial economy, convenience, fairness, and comity."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Musson Theatrical, Inc. v. Federal Exp. Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1996).

This Court initially notes that the United States Court of Appeals for the Sixth Circuit has explained that, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed."  Musson Theatrical, Inc., 89 F.3d at 1254-55 (citations omitted).  See also Weeks v. Portage County Executive Offices, 235 F.3d 275, 280 (6th Cir. 2000).  This Court concludes that, in this case, on balance of the considerations expressed in Cohill, dismissal of Plaintiff's state law claims is appropriate.  Such dismissal would not appear to cause duplication or waste of judicial resources; the only claims remaining require interpretation of Ohio law, which are more properly addressed by Ohio courts; and litigation in state court does not appear to be inconvenient or unfair to either party.  This Court will therefore decline to exercise supplemental jurisdiction over the remaining state law claims.

**WHEREUPON**, BWC's motion to dismiss (Doc. # 3) is **GRANTED**.  Plaintiff's claims asserted against BWC are **DISMISSED**.  BWC's second motion to dismiss (Doc. # 11), and motion for summary judgment (Doc. # 27), as well as Plaintiff's motion for leave to amend the

complaint (Doc. # 16) are **DENIED** as moot.  Further, the Court declines to exercise supplemental jurisdiction over the state law claims asserted against Motorists.  Those claims are therefore **DISMISSED** without prejudice.

    The Clerk shall note that this action is therefore **DISMISSED**.

**IT IS SO ORDERED.**

April 20, 2005                             /s/ John D. Holschuh
                                                   John D. Holschuh, Judge
                                                   United States District Court